REGAN, Judge.
This appeal involves the question of the ownership of a savings certificate and a savings account issued in the name of Oscar or Florence Schmaltz. The adminis-tratrix of the Succession of Florence Schmaltz itemized a half interest in the following assets in the detailed descriptive list:
The sum of $15,979.33 on deposit in Savings Certificate No. 5229, First National Bank of Jefferson Parish, in the name of Oscar or Florence Schmaltz.
The sum of $512.65 on deposit in Savings account No. 112-108-1 with First National Bank of Jefferson Parish in the name of Oscar Schmaltz or Florence Schmaltz.
Thereafter, Charles Schmaltz, provisional administrator of the Succession of Oscar J. Schmaltz and universal legatee, filed a rule to show cause why these assets should not be deleted from the descriptive list filed in Florence’s succession. It was his contention that the decedent Florence Schmaltz possessed no interest whatsoever in these accounts. After a trial, the lower court ordered that both items be deleted from the descriptive list filed in this proceeding.
Defendant-in-rule, the administratrix, has prosecuted this appeal.
On the face of the certificate and savings account, the assets are prima facie jointly owned. Therefore, to prevail, it devolves on the representative of the Oscar Schmaltz estate to prove he was the sole owner.[1]
The larger of the two assets, i.e., the savings certificate, clearly was purchased with funds belonging exclusively to Oscar Schmaltz. On May 31, 1968, he realized $80,000 from the sale of real estate and on that same date deposited this amount in his checking account in the Guaranty Bank & Trust Company. On June 7, 1968, he issued a check for $20,000 payable to the First National Bank of Jefferson to pay for Savings Certificate No. 2197 in that amount. On June 23, 1969, the First National Bank of Jefferson mailed Savings Certificate No. 5229 to Oscar Schmaltz in the sum of $15,979.33. The covering letter explained this represented the balance of the proceeds of the Certificate No. 2197 issued the previous *358 year after a loan owed by him had been liquidated. Thus, although the names of Oscar Schmaltz and Florence Schmaltz appear on the savings certificate, plaintiff-in-rule has traced the source of the funds used for its purchase directly to Oscar Schmaltz. The exhibits filed herein document every step or transfer described here-inabove.
As to the smaller savings account, we also conclude this is comprised of Oscar’s funds entirely. The record discloses that Florence was Oscar’s sister, that she resided in his home for many years, and that her only source of income was a Welfare check. She had collected welfare for some twenty years before her death and it was not until very recently that the payment reached $100 per month. All witnesses testified she customarily cashed her check upon receiving it. Not only does the testimony preponderate to the effect that Florence had no interest or made no deposits in this account, but it taxes our credulity to believe she could amass savings on such a meager income.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Succession of Patti, La., 98 So.2d 166 (1957).